*156 OPINION of the Court, by
Judge Clark.
Yocan* prosecutes this writ of error to an order of the Mercer cjrcujj court, appointing; commissioners to convey to the defendant m error, as assignee of i ho mas bweanngen and others, 473 acres of laud-, decreed to be conveyed to Thomas Swearingen, heir at law to Thomas Swear-ingen, dec’d. by the late supreme court for the district of Kentucky, in a suit against the said Yocam,
The order of the circuit court is erroneous, and must be reversed for these reasons : 1st. Because it appears from the decree filed herein, and upon which this ptder was ma<le, that the suit in which it was rendered was finally determined in the late supreme coi#t for *157 the district of Kentucky. The act respecting the records of that court, approved December 22, 1792, gave power to the different quarter session courts to proceed and perfect the causes in which final judgments had not been rendered, or final decrees made, or on which execution remained to be done. Rut they had no power to take new orders in causes which had been finally determined by the supreme court, or to assume jurisdiction over them, unless the papers in such causes had been lodged in the office of such court, agreeable to the regulations of the act. The record of this cause appears not to have been sent out, but to have remained in the office of the clerk of the court of appeals,
i. The record not Hav rngheeii removed» the only legal mode to enforce the decree was by original bill. .
3, 1 he order was ex garte,
4. i he morion was maae by Chapime as as~ Jignee, and there is nothing to íhew he had a~ ny intereft ⅛ the land.
2d. If a conveyance had not been made, in pursuance of the decree, the only legal mode to have enforced one, (as the record had not been lodged in that office,) would have been by an original bill, to carry the decree into effect; the cause not being before the court, or subject to any further order, could have been made so only by bringing the parties before the court by an original bill.
3d. But if the court had the power of appointing a commissioner to convey in pursuance of the decree, they erred in making the order ex parte, without notice to Yocam, for the law will never suffer a man to be divested of his right, without having an opportunity of making a defence- — Curry vs. Jenkins, Hard. 493 — Ratliff vs. Fayette County Court, Pr. Dec. 292.
4th. There is nothing in the record that shews the defendant in error had any interest in the land to be conveyed. The order appears to have been made at his instance, in which he is styled assignee, but no assignment was filed, nor is there any proof one ever existed.
The order of the county court reversed with costs.